# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DELPHONSO OSCAR BREWER,      )
                                )
        Petitioner,          )
                                )        **1:07CV168**
       v.                   )        **2:94CR200-1**
                                )
UNITED STATES OF AMERICA,      )
                                )
        Respondent.       )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Delphonso Oscar Brewer, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 40.)[1] Petitioner was convicted of one count of bank robbery on December 1, 1994. (Docket No. 13.) He was subsequently sentenced to 220 months of imprisonment on February 22, 1995. (Docket No. 22.) Petitioner appealed, but was unsuccessful. *United States v. Brewer*, No. 95-5143, 1996 WL 7961, 74 F.3d 1234 (4th Cir. Jan. 8, 1996)(table--unpublished), *cert. denied*, 517 U.S. 1200 (1996). Following his appeal, the record does not reflect that Petitioner did anything further in his case until he made a motion for a transcript in September of 2005. He filed his current motion under § 2255 on March 8, 2007. (Docket No. 40.) Respondent now seeks to have that motion dismissed for being untimely and

---

[1]All citations to the record will be to the criminal case.

Petitioner has filed a response. (Docket Nos. 43, 45.) The matter is now before the Court

for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## DISCUSSION

The government requests dismissal on the ground that the motion was filed[2] outside

of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty

Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply

to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v.*

*Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have

equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.

1999).

Under subsection one of the portion of § 2255 setting out the limitation period, the

limitation period runs from the date when the judgment of conviction became final. Where

a petitioner files an appeal, finality has been construed to mean when the petitioner may no

longer seek further review because of (1) the denial of a petition for certiorari to the United

States Supreme Court; or, (2) the expiration of the time for seeking such review. *Clay v.*

*United States*, 537 U.S. 522 (2003). Here, Petitioner did file an appeal and seek a writ of

certiorari. However, his petition for certiorari was denied more than ten years before he filed

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison
authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

his current motion. Therefore, his motion is not timely under subsection one. Only if another subsection gives Petitioner more time to file will his motion be timely.

Subsection two requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Subsection four allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his motion are based on facts that existed and were known to him years before he filed his current motion. The central basis of his claim is that United States Sentencing Guidelines (USSG) § 5G1.3(c) was erroneously applied at his sentencing. Petitioner claims that the sentencing judge in his case calculated or estimated in 1995 that he would likely serve 20 months in state custody before beginning his federal sentence and that he then adjusted his federal sentence accordingly. As it turns out, Petitioner was not released from state custody to begin his federal sentence until 2006. He claims that counsel

-3-

provided ineffective assistance by allowing the estimate of his likely state sentence to be so inaccurate.

The actions of the sentencing judge and counsel in making the 20-month estimate were certainly known to Petitioner at the time of his sentencing in 1995. Further, at a maximum, it would have been clear to Petitioner 20 months later that the estimate was inaccurate. As the years went by, it would have been clear that it was very inaccurate. Still, Petitioner did not file his motion under § 2255 until 2007, a number of years after the facts on which his claim was based were known to him. Therefore, this subsection also does not aid Petitioner and his motion is untimely.

The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000); *Sandvik*, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the defendant has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Harris*, 209 F.3d 325; *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if he has been prevented in some extraordinary way from exercising his rights. *See Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. *Coleman v.*

-4-

*Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal

process, lack of representation, or illiteracy does not constitute grounds for equitable tolling.

*Harris*, 209 F.3d 325; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Likewise,

mistake of counsel does not serve as a ground for equitable tolling. *Taliani v. Chrans*, 189

F.3d 597 (7th Cir. 1999); *Sandvik*, 177 F.3d at 1272. Nor are prison conditions, such as

lockdowns or misplacement of legal papers normally grounds for equitable tolling. *Akins*,

204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in

federal court shows lack of due diligence. *Pace*, 544 U.S. 408.

It is not clear that Petitioner seeks equitable tolling. However, if he does, he cannot

receive it. He waited years to pursue his claims and has given no real explanation for doing

so. No wrongful government conduct prevented him from filing and he has not been diligent

in pursuing his case. Respondent's motion to dismiss should be granted.

There is one final matter which must be addressed. Petitioner alleges in his motion,

and argues in some of his other submissions, that he should be resentenced based on

extraordinary post-conviction rehabilitation. He lists various work programs and educational

courses that he has been involved with or completed while in prison.

Petitioner has not stated any claim that would entitle him to relief. As Respondent

points out, this sort of claim cannot be made under § 2255, which can only be used to address

claims of a constitutional magnitude or errors that result in a complete miscarriage of justice.

*United States v. Addonizio*, 442 U.S. 178 (1979). Petitioner's efforts at rehabilitation do not

-5-

fall into either of these categories. Also, Petitioner does not meet the requirements of any

part of Fed. R. Crim. P. 35 to qualify for resentencing.

Petitioner proposes that the Court resentence him through the use of a writ of *audita querela*. This proposal should be rejected. Significant questions exist as to the extent to which the writ continues to remain viable. However, to the extent that it does, a person seeking the writ must raise a legal defense or defect in the proceedings. It cannot be obtained on purely equitable grounds. *United States v. Hovsepian*, 359 F.3d 1144, 1154 (9th Cir. 2004); *United States. v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991).[3] Petitioner's attempt at relief based on his post-conviction rehabilitation efforts does not rely on any legal defense or defect. Therefore, it should be denied.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 43) be granted, that Petitioner's motion to vacate, set aside or correct sentence

---

[3]Petitioner cites to a case which states that a writ of *audita querela* can be granted for purely equitable reasons. However, the heading in that case indicates that it was later reheard *en banc* and that the appeal was dismissed. *Ejelonu v. I.N.S., Dept. of Homeland Sec.*, 355 F.3d 539 (6th Cir. 2004). Even if Petitioner is correct, the writ is available only in cases with "unusually compelling" facts. *United States v. Fonseca-Martinez*, 36 F.3d 62, 65 (9th Cir. 1994). While Petitioner's efforts at educating and rehabilitating himself are commendable, they are not "unusually compelling" in the sense necessary for a writ to issue. Thousands of other prisoners across the nation engage in comparable efforts and it is not infrequent that other prisoners seek relief from this Court while citing similar accomplishments. Granting relief to all of them would make writs of *audita querela* commonplace, not unusual.

(Docket No. 40) be denied, and that this action be dismissed.


/s/ P. Trevor Sharp
United States Magistrate Judge


Date: August 15, 2007